UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

COALITION CONSTRUCTION, INC., a Washington limited liability corporation,

Defendant.

CASE NO. C06-1316-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 8), Defendant's Opposition thereto (Dkt. No. 12), and Plaintiff's Reply (Dkt. No. 14). Having reviewed the materials submitted and found that oral argument is not necessary, Plaintiff's motion is GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## I.   BACKGROUND

Plaintiff is the administrator of the benefit trust fund for the local Teamsters union. Defendant subcontractor failed to send in monthly accounting records and make required monthly employee benefit contributions to the union's benefit trust. (Pl.'s Mot. 7.) On September 12, 2006, Plaintiff filed this lawsuit to recover the unpaid contributions from April 2006 to September 2006, liquidated damages, accrued interest, costs, and attorney's fees. Defendant agreed to most of Plaintiff's calculations, but

ORDER – 1

1  objected to the contributions for the owner of Coalition Construction.  (Decl. of Steven Meeks, Ex. G
2  (Dkt. No. 13).)  After researching the issue, Plaintiff decided to drop that part of its claim, but added
3  another $2,267.60 for attorney's fees.  (Pl.'s Reply 5.)  Defendant offered to pay the claim without those
4  added fees, but Plaintiff refused.  (Decl. of Steven Meeks, Ex. A.)  Plaintiff then filed for summary
5  judgment for the unpaid contributions, liquidated damages, accrued interest, costs, attorney's fees for
6  filing the lawsuit, attorney's fees for researching the validity of the owner contribution claim, and
7  attorney's fees for filing for summary judgment.  Defendant objects to the latter two charges as
8  unreasonable.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party.  *Anderson*, 477 U.S. at 248.  The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute.  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

//

//

ORDER – 2

## III.  ANALYSIS

### A.  Undisputed Charges

If the subcontractor fails to make the required contributions to the union's trust fund, the parties' contract provides for liquidated damages, interest, and court costs and reasonable attorney's fees in any action to recover the unpaid contributions. Defendant does not object to paying the unpaid contributions, liquidated damages, accrued interest, costs, and attorney's fees for bringing the initial complaint. (Def.'s Opp'n 5.) The Court concludes that Defendant is liable for the following amounts plus any additional interest or liquidated damages that accrue between February 15, 2007 and the date of payment:

| | |
|---|---|
| Unpaid Contributions | $ 6,595.80 |
| Liquidated Damages through February 15, 2007 | $ 1,292.66 |
| Interest through February 15, 2007 | $    317.73 |
| Costs | $    409.40 |
| Attorney's Fees for Filing the Initial Complaint | $    489.58 |
| TOTAL | $ 9,105.17 |

### B.  Disputed Attorney's Fees

ERISA provides for reasonable attorney's fees for an ERISA fiduciary in an action to recover unpaid contributions. 29 U.S.C. § 1132(g)(2). The provision of reasonable attorney's fees is mandatory where (1) the employer is delinquent at the time the action is filed, (2) the district court enters a judgment against the employer, and (3) the plan provides for such an award. *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253 (9th Cir. 1996). This case meets all three criteria, and therefore the provision of reasonable attorney's fees is mandatory. As noted in Section III.A *supra*, the Court awards Plaintiff all attorney's fees associated with filing the initial complaint to recover unpaid contributions. The only remaining issue is fees for researching Plaintiff's invalid owner contributions claim and for

ORDER – 3

bringing this motion.

Defendant argues it is unreasonable for Plaintiff to include the attorney's fees associated with researching the invalid claim that Plaintiff dropped from this lawsuit, and the Court agrees. That research was not necessary to recover the unpaid contributions at issue in this case, and it would be unreasonable to force Defendant to pay for that research, particularly in light of Defendant's initial agreement to pay attorney's fees associated with filing the original claim.

Defendant also objects to the attorney's fees associated with filing the instant motion for summary judgment because the only disputed issue was the attorney's fees associated with researching the invalid claim. The Court finds this argument compelling as well. It was unreasonable for Plaintiff to continue pursuing the fees associated with a claim that it had dropped from the lawsuit when Defendant had agreed to settle. A letter from Defendant to Plaintiff made it clear that Defendant did not oppose the reasonable attorney's fees associated with bringing the action, but only those fees associated with the invalid claim. (Decl. of Steven Meeks, Ex. B.) Rather than settle for the amount it was properly due, Plaintiff chose to file this Motion for Summary Judgment in its effort to recover the attorney's fees for researching the invalid claim, thereby accruing still more attorney's fees. Attorney's fees for pursuing attorney's fees related to an invalid claim are just as unreasonable as attorney's fees for researching an invalid claim. Therefore, the Court finds that reasonable attorney's fees in this case are limited to those associated with bringing the initial claim to recover the unpaid contributions ($489.58).

//
//
//
//
//

ORDER – 4

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Summary Judgment. It is hereby ORDERED, ADJUDGED, AND DECREED that Judgment be entered against Defendant in the amount of $9,105.17 plus any interest and liquidated damages that accrue between February 15, 2007 and the date of payment, as detailed in the contract. The Clerk is DIRECTED to CLOSE this case.

SO ORDERED this 6th day of June, 2007.

John C. Coughenour
United States District Judge

ORDER – 5